USCA1 Opinion

 

 September 19, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2192 UNITED STATES, Appellee, v. RICHARD FERGUSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge. ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Richard Ferguson on brief pro se. ________________ Paul M. Gagnon, United States Attorney, and Peter E. Papps, First ______________ ______________ Assistant United States Attorney, On Motion For Summary Disposition for appellee. ____________________ ____________________ Per Curiam. In June 1994, appellant Richard Ferguson, __________ filed a document in the district court (hereinafter Document #508) which the court properly treated as a motion, filed pursuant to 28 U.S.C. 2255, to vacate, set aside or correct his sentence. In Document #508, Ferguson complained that (1) there was disparity among the sentences imposed on himself and his co-defendants, (2) there were miscalculations [not further specified] by the probation office in calculating his "volnerability [sic] under the sentencing guidelines, an error his newly appointed counsel failed to point out or object to at sentencing," (3) he had received ineffective assistance of counsel [not further described] from indictment to sentencing and (4) contrary to a prior district court conclusion, he had given substantial assistance to the government since his sentencing. The district court denied the 2255 motion and Ferguson has appealed. Ferguson' initial brief on appeal essentially is a compilation of documents that Ferguson filed in the district court after that court's ruling on Document #508. To the _____ extent that he argues matters not raised in Document #508, those arguments are not properly before us for review. We turn to the issues that are raised by Document #508. On appeal, Ferguson makes no argument regarding his claim of miscalculation by the probation office in calculating his "volnerability" under the sentencing guidelines.1 Similarly, Ferguson makes no appellate argument about his complaint that the district court erred in concluding that he had not given substantial assistance to the government since his sentencing. These claims are therefore waived.2 See ___ Lareau v. Page, 39 F.3d 384, 390 n.3 (1st Cir. 1994) (noting ______ ____ that claims raised below but not addressed in appellate brief are deemed abandoned). Ferguson complains that co-defendants who, like himself, testified against the remainder who went to trial, received lesser sentences than he received. "[I]n the ordinary case, '[t]he guidelines do not require the sentencing court to consider related cases or to justify a sentence in terms of the punishment meted out to co-defendants.'" United States _____________ v. Munoz, 36 F.3d 1229, 1239 (1st Cir. 1994), cert. denied, _____ ____________ 115 S. Ct. 1164 (1995) (quoting United States v. Font- ______________ _____  ____________________ 1. We interpret this claim to relate to Ferguson's assertion of mental and emotional problems. 2. In any event, Ferguson's claim that his counsel at sentencing failed to point out his mental or emotional problems or object to the probation office's characterization of his mental and emotional health claims is directly refuted by the written objections filed by Ferguson's counsel to the presentence report and by the transcript of the sentencing hearing. And, the district court's authority to reduce a sentence due to substantial assistance in the investigation or prosecution of another person is initiated upon motion by the __________________ government, see, e.g., 18 U.S.C. 3553(e); Fed. R. Crim. P. __________ _________ 35(b), - an initiating event that did not occur in this case.  -3- Ramirez, 944 F.2d 42, 50 (1st Cir. 1991), cert. denied, 502 _______ _____________ U.S. 1065 (1992)). Moreover, Ferguson has only pointed to the apparent disparity without suggesting that the testifying co-defendants were similarly situated as to criminal history and culpability and ignores the fact that mandatory sentences forfirearms violationsplayeda rolein determininghis sentence. Finally, although Ferguson's briefs argue the issue of ineffective assistance of counsel - a claim that Ferguson did raise in Document #508 - he has fleshed out this claim with allegations, for example, an alleged conflict of interest possessed by counsel Grossberg, that Ferguson did not present to the district court in Document #508. Thus, we decline to consider this particular claim.3 See, e.g., United States _________ _____________ v. Pierce, 60 F.3d 886, 890-91 (1st Cir. 1995) (declining to ______ address, in the first instance, a claim that was not presented to the district court). Affirmed. _________  ____________________ 3. We note, however, that Ferguson's claim that (a) counsel knowingly misled him into believing that his sentence for firearms violations would run concurrent with, rather than consecutive to, his sentence on the other charges and (b) if he had known that a consecutive sentence was mandatory, he would not have pled guilty, but would have gone to trial, is belied by the transcript of the guilty plea in which Ferguson, himself, recites that the penalties for Count 16 _______ and Count 20 each are five years in addition to the sentence imposed on the underlying crimes. Transcript of Oct. 2, 1992 at p. 8. -4-